IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 24, 2020

**STATE OF TENNESSEE v. JAMIE THOMAS**

**Appeal from the Criminal Court for Shelby County**
**No. 06-09288          Glenn Ivy Wright, Judge**

_____

**No. W2019-00787-CCA-R3-CD**

_____

Defendant, Jamie Thomas, appeals as of right from the Shelby County Criminal Court's denial of his motion under Tennessee Rule of Criminal Procedure 36.1 as amended to correct illegal sentences. Defendant contends that the trial court erred by concluding that relief was not available because his illegal sentence as to Case Nos. 06-09288 and 06-08706 had expired and thus was not subject to correction under Rule 36.1. After a thorough review of the record and applicable law, we affirm the judgment of the trial court as to Case Nos. 06-09288 and 06-08706, but as to allegations that concurrent sentencing in Case Nos. 06-02344 and 06-04638, which the trial court did not address, the amended motion is remanded to the trial court for disposition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed; Amended Motion Remanded for Disposition**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOHN E. WILLIAMS, P.J., and ROBERT L. HOLLOWAY, Jr., J. joined.

Shae Atkinson, Memphis, Tennessee, for the appellant, Jamie Thomas.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Background*

A Shelby County Grand Jury returned an indictment against Defendant on November 30, 2006, in Case No. 06-09288 charging him with unlawful possession of a

controlled substance with intent to sell and unlawful possession of a controlled substance with intent to deliver, with an offense date of August 23, 2006. The record does not contain a judgment of conviction in that case. Defendant pled guilty on September 28, 2007, in Case No. 06-08706 to one count of sale of cocaine with an offense date of August 7, 2006. The trial court imposed a sentence of three years to be served concurrently with Defendant's sentence in Case No. 06-09288 and consecutively to his sentence in Case No. 06-04638.

On November 15, 2018, Defendant filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1. In the motion, Defendant alleged that he had been released on bond in Case No. 06-09288 when he committed the offense of sale of cocaine in Case No. 06-08706. Notwithstanding Defendant's assertions, the record on appeal shows in the judgment of conviction in Case No. 06-08706 that the offense occurred on August 7, 2006. Consistent with the use of a subsequent docket number, the indictment in Case No. 06-09288 alleges the offenses occurred on August 23, 2006. Therefore, if Defendant was released on bail when he committed another offense, he would have been first arrested in the offense charged in Case No. 06-08706.

According to the trial court's order, Defendant apparently entered a guilty plea on both charges and was sentenced to three years in each case to be served concurrently. Defendant argues that his sentences should have been ordered to run consecutively rather than concurrently, which resulted in an illegal sentence. *See* T.C.A. § 40-20-111(b).

On January 8, 2019, Defendant filed an amended motion pursuant to Rule 36.1 asserting that in addition to the illegal sentences in Case Nos. 06-09288 and 06-08706, he also received illegal concurrent sentences for felonies, one of which he committed while released on bail from the other offense. These involved Case Nos. 06-02344 and 06-04638. On February 22, 2019, the State filed a response to the motion arguing that Defendant was not entitled to Rule 36.1 relief because Defendant's sentences in Case Nos. 06-09288 and 06-08706 had expired. The State's response did not address Defendant's allegations pertaining to Case Nos. 06-02344 and 06-04638. On March 29, 2019, the trial court denied Defendant's motion without a hearing, finding that Defendant was not entitled to relief because his sentences had expired in Case Nos. 06-08706 and 06-09288, without addressing Defendant's challenge to an illegal sentence in Case Nos. 06-02344 and 06-04638. Thus, Defendant's assertion that his concurrent sentences in Case Nos. 06-02344 and 06-04638 is still pending in the trial court.

*Analysis*

On appeal, Defendant argues that the trial court erred in denying his Rule 36.1 motion to correct an illegal sentence without a hearing. More specifically, he argues that his sentence was illegal and the judgment void because the trial court ordered concurrent

sentencing in direct contravention of T.C.A. § 39-16-605(c) and Tenn. R. Crim. P. 32(c)(3)(B).

Initially, in reviewing the record before us, Defendant failed to include a copy of the judgment order in Case No. 06-09288 as part of the record on appeal. The appellant has a duty to prepare a record that conveys "a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b). However, in its order, the trial court set forth the sentence and conviction in Case No. 06-09288, which enables this court to review the issue on the merits.

Tennessee Rule of Criminal Procedure 36.1 provides, in part:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

Therefore, pursuant to Rule 36.1, a defendant would be entitled to a hearing and the appointment of counsel if he or she stated a colorable claim for relief. Tenn. R. Crim. P. 36.1(b). Prior to the adoption of Rule 36.1, a defendant generally had to seek relief from an illegal sentence through post-conviction or habeas corpus proceedings. *See Cantrell v. Easterling*, 346 S.W.3d 445, 453 (Tenn. 2011).

The Tennessee Supreme Court has stated that a colorable claim pursuant to Rule 36.1 is a "claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015). Rule 36.1 also defines an illegal sentence as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a).

Our supreme court has analyzed Rule 36.1 and concluded that Rule 36.1 "does not authorize the correction of expired illegal sentences," and a motion may be dismissed "for failure to state a colorable claim if the alleged illegal sentence has expired." *State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015).

In this case, Defendant was sentenced to an effective three-year sentence on September 28, 2007, and he does not contest that his sentence is expired. Defendant's Rule 36.1 motion to correct an illegal sentence was not filed until November 15, 2018. In his brief, Defendant asserts: "Appellant acknowledges the Tennessee Supreme Court in *Brown* thoroughly analyzed why Rule 36.1 does not expand the scope of relief available on such claims by permitting the correction of expired illegal sentence. However, Appellant submits that an illegal sentence is just that; it is illegal." Defendant has not cited any authority for this conclusory statement, and he essentially asks us to ignore the supreme court's holding in *Brown* because the expired sentence in his case is illegal. As a panel of this court has previously held:

> Once "the Tennessee Supreme Court has addressed an issue, its decision regarding that issue is binding on the lower courts," and we have "no authority to overrule or modify" our supreme court's opinions. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 430 (Tenn. 2011) (quoting *Morris v. Grusin*, No. W2009-00011-COA-R3-CV, 2009 WL 4931324, at *4 (Tenn. Ct. App. Dec. 22, 2009)) (internal quotation marks omitted). If the Appellant wishes to challenge the holding in *Brown*, he must seek review from our supreme court.

*State v. Antonio Clifton*, No. W2016-00176-CCA-R3-CD, 2016 WL 6427862, *2 (Tenn. Crim. App. Oct. 31, 2016). Accordingly, we conclude that the trial court did not err by denying Petitioner's Tenn. R. Crim. P. 36.1 motion to correct an illegal sentence as to Case Nos. 06-09288 and 06-08706.

## CONCLUSION

Based on foregoing analysis, we affirm the judgment of the trial court which denied Defendant's motion to correct an illegal sentence as to Case Nos. 06-08706 and 06-09288. However, the amended motion's allegation that Defendant's concurrent sentencing in Case Nos. 06-02344 and 06-04638 is illegal is still pending in the trial court, and therefore to that extent the amended motion is remanded for disposition by the trial court.

_____
THOMAS T. WOODALL, JUDGE